IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA BROWN                                                     PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:19-CV-348-CWR-LRA

DR. WILLIAM BRAZIER
And SANDRA LAMPKIN,
Medical Site Administrator                                         DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted via videoconferencing from the Central Mississippi Correctional Facility before the undersigned United States Magistrate Judge on December 3, 2019. Patricia Brown appeared *pro se*, and attorney Alicia Netterville attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

    1.    **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Brown is housed in the custody of the Mississippi Department of Corrections [MDOC] at CMCF, in Pearl,

Mississippi. At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge; however, Brown has not yet returned an executed copy of the consent.

Brown's complete allegations are set forth in her Complaint and her supplemental pleadings and were augmented by her testimony at the hearing. Her claims are based on the medical care that she has received at CMCF. Brown suffers from diabetic neuropathy, and, from 2011 through November, 2018, she had been given Neurontin for the pain. That medication was stopped once before, but, after her attorney wrote a letter to the medical staff, she began receiving it again. On November 30, 2018, she stopped receiving Neurontin once more. Zymbalta was substituted for the Neurontin, but she had side effects and could no longer take it. She was also given Pamelor, but she is allergic to it; it makes her break out in hives and have respiratory issues. NSAID drugs do not alleviate her symptoms. At the time of the hearing, she was not receiving any medication for pain, and she complained that her toe was raw from rubbing it at night to relieve the burning sensation. She does receive insulin and metformin for her diabetes. As a remedy, Brown seeks an effective pain medication.

Brown submitted a grievance through the Administrative Remedies Program (ARP). At the second step, Nurse Lamkin said that she would look into the issue, but there was no change in medication.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Defendants sent discovery documents to Brown after the hearing. The Defendants filed a Notice of Service, indicating that they sent Brown a copy of her medical records (Bates numbered Brown v. Brazier 000001-458, as well as their witness list and exhibit list [Doc. #21].

If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial.

The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. TRIAL WITNESSES

Brown has not sought the attendance of any witnesses. If a trial is conducted, Brown may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Brown may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 31st day of January, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE